Submitted January 6; portion of judgment ordering restitution reversed, otherwise affirmed May 3, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICHARD ELLIS KENDRICK, JR.,
*Defendant-Appellant.*

Clatsop County Circuit Court
15CR03949; A159860

395 P3d 969

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Dustin Buehler, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

## PER CURIAM

After a guilty plea, and pursuant to a plea agreement, defendant was convicted of attempted first-degree assault. The two other counts brought against defendant were dismissed. On appeal, defendant challenges the portion of the judgment that ordered him to pay restitution to the victim in the amount of $744.16 because it was not part of his plea agreement with the state. ORS 137.106 (restitution shall be ordered "[w]hen a person is convicted of a crime * * * that has resulted in economic damages").

Here, the written plea agreement petition, which is the only evidence in the record of the agreed-to plea terms, provided that defendant agreed to plead guilty to attempted first-degree assault and, in return, the district attorney agreed to recommend specific sentencing terms, none of which contemplated restitution. At the restitution hearing, the trial court recognized that there was a dispute about whether defendant had agreed to pay restitution and gave defendant the opportunity to withdraw his plea because there was not a "meeting of the minds" on the plea agreement. Defendant declined to withdraw his plea, having requested that the plea agreement be enforced without restitution. The trial court then ordered the restitution requested by the state.

Defendant argues that the trial court erred in ordering him to pay restitution because he had not agreed to pay restitution as part of his plea agreement and because the economic damages for which restitution was ordered resulted from a dismissed count of criminal conduct to which defendant had not admitted and not from the crime for which he was convicted. *See State v. Kirkland*, 268 Or App 420, 425, 342 P3d 163 (2015) ("A defendant 'cannot be required to pay restitution for pecuniary damages arising out of criminal activity for which he was not convicted or which he did not admit having committed.'" (Quoting *State v. Seggerman*, 167 Or App 140, 145, 3 P3d 168 (2000).)). The state concedes that the trial court erred in ordering restitution because there is no evidence in the record that restitution was part of defendant's plea agreement.

When a plea agreement contains specific sentencing terms that do not contemplate restitution, the state breaches that agreement by seeking restitution. *See State v. Thomas*, 281 Or App 685, 694, 386 P3d 218 (2016). There is no evidence in the record that the parties failed to have a "meeting of the minds" on the agreed-to terms embodied in the plea agreement petition or that restitution was meant to be part of those terms. Thus, upon the state's breach of the plea agreement when it requested restitution, defendant had two remedies available to him—he could withdraw his plea or he could seek "specific enforcement of the plea agreement in a sentencing at which the state refrains from recommending restitution." *Id.* at 694-95. Here, defendant requested the latter remedy, and the trial court erred when it did not grant him that remedy and ordered him to pay restitution. Accordingly, we accept the state's concession and reverse the portion of the judgment ordering defendant to pay restitution.

Portion of judgment ordering restitution reversed; otherwise affirmed.